# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIGMENT INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HARTFORD FINANCIAL SERVICES GROUP, INC. and SENTINEL INSURANCE COMPANY, LTD.,<br><br>Defendant. | Case No: 3:20-cv-00794-DMS-JLB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY** |

This case comes before the Court on Plaintiff's motion to stay pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on a motion to transfer pursuant to 28 U.S.C. §1407. Defendants filed an opposition to the motion and Plaintiff filed a reply. For the reasons set out below, the court grants the motion.

## I.
## BACKGROUND

This is a class action against Defendants for denial of coverage under purchased business interruption insurance. (Motion to Stay ("Mot."), ECF No. 10, at 1.) Over one

1

hundred similar cases have been filed in California and across the United States. (Mot. at 2.) On April 20 and 21, 2020, JPML motions were filed seeking the "transfer and centralization of all the Related Actions for coordinated or consolidated pretrial proceedings." (Mot. at 3.)

As in the many other similar cases, Plaintiff's case alleges a bad faith coverage denial that risks the permanent closure of its business due to unexpected temporary shutdowns from the COVID-19 pandemic. (Mot. at 1.) The case was filed on April 28, 2020, and on May 12 and 15, 2020, Plaintiff sought Defendants' agreement on a "stay of this action pending a decision by the JPML". (Mot. at 3.) On June 5, 2020, Defendants indicated that they would oppose a stay. (Mot. at 4.)

## II.
## DISCUSSION

Plaintiff requests a stay of proceedings in this Court pending the JPML's decision on transfer and consolidation. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55 (citations omitted).

> Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, Plaintiff asserts that neither party will suffer any damage if the Court grants a stay. Defendants respond that a stay will prejudice their "effort to obtain a timely resolution of Plaintiff's meritless claims." (ECF No. 18 at 8.) Given that the JPML is set to hold argument on July 30, 2020, a short stay until a decision is made on consolidation will have

very little effect on the ultimate resolution of this claim. (Mot. at 3.) Therefore, Defendants have not presented any persuasive argument of prejudice if the motion is granted.

If a stay is not granted, Plaintiff will be required to expend resources on pretrial proceedings which could lead to duplicative litigation if the JPML's decision is to consolidate. With argument before the JPML scheduled to commence in less than two weeks, an easily avoided hardship is created for Plaintiff if a short stay for pretrial proceedings is not granted. The lack of a stay could also negatively impact judicial economy by wasting judicial resources. "[J]udicial efficiency can be served by granting a motion to stay where the court would otherwise have to engage in the 'intricacies' of a case, which ultimately an MDL judge may have to duplicate." *Segovia v. Bristol-Myers Squibb Co.*, No. 15-00519 DKW-RLP, 2016 U.S. Dist. LEXIS 165532, at *4–5 (D. Haw. Nov. 30, 2016) (*citing Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 60–61 (C.D. Cal. 1997)).

## III.

## CONCLUSION AND ORDER

Accordingly, in the interest of judicial economy and to avoid inconsistent rulings between this Court and the JPML, Plaintiff's motion is granted. It is ordered as follows:

1. This action is stayed pending the JPML's decision on consolidation.

2. The parties shall notify this Court of the decision within five (5) business days of its receipt.

**IT IS SO ORDERED**.

Dated: July 27, 2020

Hon. Dana M. Sabraw
United States District Judge

3

3:20-cv-00794-DMS-JLB